IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MADELEINE DWOLAKOWSKI, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:23-CV-1321-DII |
| SANOFI U.S. SERVICES, INC. *formerly known as Sanofi-Aventis U.S. Inc.*, et al., | § § § § | |
| Defendants. | § | |

**ORDER**

On December 12, 2024, Defendants Sanofi U.S. Services, Inc. and Sanofi-Aventis U.S. LLC ("Defendants") indicated via a status report that the parties had reached a settlement and wished to dismiss this case voluntarily pursuant to Federal Rule of Civil Procedure 41, but that they were unable to do so because Plaintiff Madeleine Dwolakowski's ("Plaintiff") counsel never appeared in this action. (Dkt. 17). The Court ordered via text order issued on December 13, 2024, that the parties file dismissal papers or a joint motion to extend the stay on or before January 13, 2025, and indicated that if Plaintiff did not appear in this action before that date, the Court will dismiss the case with prejudice. Plaintiff did not appear, and the parties did not file dismissal papers or a joint motion to extend the stay by that date.

Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Dismissal with prejudice is appropriate if there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). "A district court may dismiss *sua sponte*, with or without notice to the parties." *Rogers v. Kroger Co.*, 669

1

F.2d 317, 319 (5th Cir. 1982). Plaintiff has not appeared in this action nor complied with this Court's December 13, 2024 order, and the Court understands based on Defendants' representations in the status report, (Dkt. 17), that the parties wish to dismiss this action and have settled. As such, the Court finds that the Plaintiff's record of inaction warrants dismissal of this action with prejudice.

Accordingly, **IT IS ORDERED** that Plaintiff's claims in this action are **DISMISSED WITH PREJUDICE**.

**SIGNED** on January 14, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE